Matter of Mirza v College of Mount St. Vincent (2025 NY Slip Op 05156)

Matter of Mirza v College of Mount St. Vincent

2025 NY Slip Op 05156

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Index No. 805075/24|Appeal No. 4879|Case No. 2025-02569|

[*1]In the Matter of Rohma Mirza, Petitioner-Appellant,
v
College of Mount Saint Vincent, et al., Respondents-Respondents.

Diederich Law Office, Stony Point (Michael Diederich, Jr. of counsel), for appellant.
Bond, Schoeneck & King PLLC, New York (Rebecca K. Kimura of counsel), for respondents.

Judgment (denominated an order), Supreme Court, Bronx County (Veronica G. Hummel, J.), entered March 18, 2025, to the extent appealed from as limited by the briefs, denying the petition to vacate the determination of respondent College of Mount Saint Vincent (College), dated November 29, 2023, which expelled petitioner from the Physician Assistant Program, granting respondents' motion to dismiss the petition, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law and the facts, without costs, the judgment vacated and the petition granted. The College is directed to reinstate petitioner as a student in good standing in the Physician Assistant Program forthwith.
Generally, "[c]ourts retain a restricted role in reviewing the determinations of private universities" (Matter of Storino v New York Univ., 193 AD3d 436, 438 [1st Dept 2021]). "A disciplinary determination will only be disturbed when the university acts arbitrarily and not in the exercise of its honest discretion, when it fails to abide by its own rules, or when the penalty is so excessive that one's sense of fairness is shocked" (id. at 439).
Certain critical facts must be noted from the record. During the fall 2023 semester of her second year in the College's Physician Assistant Program (PA Program), petitioner provided a letter of recommendation for a friend in support of the latter's application to the College's PA Program as well as to similar programs at other schools. Petitioner utilized the Centralized Application Service for Physician Assistants (CASPA) Portal and submitted the letter together with a CASPA form which contained an "Evaluator Information" section. On this part of the form, petitioner wrote "Student" as her title and occupation and provided her student email address. In the body of her letter, petitioner clearly indicates she was writing the letter for this applicant based on their friendship developed as fellow students at the College of Staten Island. Further, petitioner signed her name (the signature area is shaded) with her embedded student email address. What triggered petitioner's academic misstep was a conceded fact that she inadvertently made a typographical mistake of leaving the initials PA-C (Physician Assistant-Certified) instead of PA-S (Physician Assistant-Student) in the signature block below her digital signature. The mistakenly typed PA-C initials under petitioner's digital signature were not part of her digital signature.
"It is well settled that a court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion . . ." (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974] [internal quotation marks omitted and citation omitted]). A review of the record makes it clear that the faculty members of the College's Professional Conduct Review Committee and Academic Performance Committee unreasonably failed to view the totality of the circumstances and abused their discretion. This mistake harmed no one; petitioner consistently maintained that the mistake was inadvertent, as supported by petitioner's digital signature on the letter with her student email address as well as the multiple references in the accompanying CASPA form to petitioner as a "student"; and the typographical mistake of the use of PA-C was rectified on all documentation in the CASPA portal.
Pursuant to the College's policy, petitioner's inadvertent mistake simply warranted counseling or, at worst, probation. Here, the College's imposition of the ultimate academic sanction of expulsion is "so disproportionate to the offense as to shock our sense of fairness" (Matter of Zirino v Diamond, 259 AD2d 443, 443 [1st Dept 1999]; cf. Matter of Storino, 193 AD3d at 439) as to warrant its vacatur. Petitioner has been delayed in pursuing her academic studies and career for two years. During this period, she has also been forced to incur legal fees to defend her rights. The hardship petitioner has endured should not be prolonged. Petitioner shall be reinstated as a student in good standing in the College's PA Program forthwith.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025